MORRIS HALLOCK, COUNTY COLLECTOR OF CAMDEN COUNTY v. JOSEPH C. HOLLINGSHEAD.

The acts of March 6th, 1884 (*Pamph. L.*, *p.* 5ö), and March 11th, 1880 (*Pamph. L.*, *p.* 247), are special and local, and therefore unconstitutional.

Demurrer to *narr.*

Argued at June Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Jonas S. Miller* and *D. J. Pancoast.*

For the defendant, *Thomas B. Harned* and *Garrison & French*

The opinion of the court was delivered by

VAN SYCKEL, J.   The right of the plaintiff to maintain this suit rests upon the act of March 6th, 1884, and the act of March 11th, 1880.   *Pamph. L.*, 1884, *p.* 58; *Pamph. L.*, 1880, *p.* 247.

The classification adopted by the legislature in both these acts is based upon the Act of March 17th, 1874.   *Pamph. L.*, *p.* 280.

In *Gibbs* v. *Morgan*, 12 *Stew. Eq.* 126, and in *Ernst* v. *Morgan*, 13 *Stew. Eq.* 391, such classification was held to be vicious.

The view taken by the Chancellor was concurred in by the Court of Errors and Appeals in reviewing the case last cited. 13 *Stew. Eq.* 733.

The act of 1880, to which the act of 1884 is a supplement, applies only to counties in which the compensation of the clerk is by annual salary.   Camden county alone is within the operation of its provisions.

The judgment of the court of last resort in *Ernst* v. *Morgan* was that the fact that in Camden county the clerk was

paid by annual salary, did not furnish sufficient ground for the exclusive legislation.

The case under consideration cannot be distinguished.

The plaintiff's action cannot be supported.